**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-1018** (Raleigh County CC-41-2019-F-342)

**Richard C.,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Richard C.[1] appeals following the entry of the November 24, 2021, sentencing order of the Circuit Court of Raleigh County sentencing him to a term of imprisonment of not less than 255 years nor more than 855 years for his convictions of six counts of first-degree sexual assault; six counts of incest; one count of first-degree sexual abuse; and seven counts of sexual abuse by a parent, guardian, custodian, or person of trust.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

Prior to petitioner's trial, the court appointed a guardian ad litem for the child victim, petitioner's granddaughter who was six years old at the time of the abuse. The order appointing the guardian ad litem noted that counsel "shall be counsel of record for the victim in this case, shall be copied on all pleadings and notices, and is hereby granted access to the same discovery as the other parties." The order also provided that the guardian ad litem "will attend the pertinent parts of the trial with the child, and be permitted to come into the courtroom and assist within the bounds of the law and within her responsibilities as [guardian ad litem]." The guardian ad litem filed a motion to limit the scope of the cross-examination of the child[3] and appeared at trial with the child.

---

[1] We use initials where necessary to protect the identities of those involved in this case. See W. Va. R. App. P. 40(e).

[2] Petitioner appears by counsel Matthew D. Brummond. Respondent State of West Virginia appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lara K. Bissett.

[3] Prior to the guardian ad litem's involvement, the State also filed a motion in limine to exclude evidence that violated the rape shield law. In response to the motion, petitioner indicated that he might want to introduce evidence of allegations that the child made against her classmates but noted that he had not yet had an opportunity to fully investigate the matter. The State ultimately withdrew the motion.

After the child testified at trial, the guardian ad litem was released from her duties.

Petitioner was convicted and now appeals following entry of the court's November 24, 2021, sentencing order. However, the issues raised in this appeal focus on the circuit court's order denying petitioner's request for a new trial entered on October 15, 2021. In our review of the court's order denying a motion for a new trial,

> we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, in part, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000).

Petitioner argues that the court failed to strictly apply the West Virginia Trial Court Rules when the guardian ad litem was appointed. West Virginia Trial Court Rule 39.01 provides that a judge may appoint a guardian ad litem for a witness or an alleged victim "for good cause" shown.[4] For the first time on appeal, petitioner maintains that it is not clear that a guardian was necessary to protect the child witness's legitimate interests. However, he concedes that his counsel did not object to the appointment of a guardian ad litem below. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, to the extent petitioner now argues that the appointment of a guardian ad litem was inappropriate, we find that petitioner is entitled to no relief.

Petitioner also argues that the guardian ad litem acted as a second prosecutor and overstepped the bounds of her appointment by acting as a party advocate, huddling with the prosecution at trial, collaborating as to trial strategy with the State, and generally acting in a manner to bolster the State's case. Respondent disputes that petitioner adequately preserved this objection at trial, maintains that petitioner's trial was not prejudiced by the guardian ad litem's participation in the case, and argues that the verdict was inevitable in the face of the mountain of evidence

---

[4] Although petitioner asks this Court to rely upon out of state jurisprudence to address the appointment and role of a guardian ad litem, these are addressed in the West Virginia Trial Court Rules. Specifically, West Virginia Trial Court Rule 39.01 provides:

> For good cause and upon the court's own motion or that of a party, the court may appoint an attorney as guardian ad litem for a witness or an alleged victim. The Court shall select any guardian ad litem independently of any nomination by the State or by the defendant.

Moreover, West Virginia Trial Court Rule 39.02 provides, and petitioner acknowledges, that "[a] guardian ad litem shall have such standing and such duties in representing the best interests of a witness or an alleged victim as the court directs of record."

against petitioner. Although petitioner objected as to the guardian ad litem's ability to file a motion, petitioner made no further objections at trial as to the guardian ad litem's participation or role in the case. Additionally, nothing in the record supports any allegation that the guardian ad litem exceeded the scope of her appointment or substantiates petitioner's assertions that the guardian ad litem's conduct at trial was inappropriate. Indeed, petitioner does not even cite to any such instance.[5] Moreover, there is no indication that the guardian ad litem's involvement at trial impeded petitioner's ability to defend against the counts presented in the indictment, nor did it impact the jury's verdict. Accordingly, we find petitioner's argument unavailing.

Finally, petitioner challenges the guardian ad litem's standing to file a motion addressing the scope of cross-examination of the child, a motion similar to one that the State previously withdrew. At trial, petitioner maintained that the State had withdrawn a similar motion and had agreed not to object to the inquiry as to certain topics during the cross-examination of the victim and, therefore, petitioner deemed those issues moot. However, the court aptly noted that "just because the State withdraws its motion, does not mean necessarily that the [c]ourt will permit the cross-examination along the lines asserted. I think the [g]uardian ad [l]item does have a right to file a motion on behalf of the child." Further, the court noted that the guardian ad litem was not a "potted plant" and was "expected to be active in protecting the interests of the child[.]" Inasmuch as the record demonstrates that the guardian ad litem was acting in accordance with her appointment, and consistent with the obligations of a guardian ad litem, petitioner is not entitled to relief.

Based upon the record, we conclude that the circuit court did not abuse its discretion by denying petitioner's motion for a new trial.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[5] The record on appeal belies petitioner's argument that the guardian ad litem improvidently interrupted petitioner's questioning of the victim child.